IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICHOLAS JAMES KEREMES, CP-6193, )
    Petitioner, )
     )
    v. ) 2:18-cv-1461
     )
MICHAEL CLARK, Supt., )
    Respondent. )

MEMORANDUM and ORDER

    Nicholas James Keremes, an inmate at the State Correctional Institution – Albion has presented a petition for a writ of habeas corpus seeking to challenge a series of convictions in Allegheny County, Pennsylvania.

    At CP-02-CR-14069-1993 he was convicted of burglary, rape-forcible compulsion and aggravated indecent assault and sentenced on December 6, 1994. An appeal was filed in the Superior Court which affirmed the judgment of sentence on February 26, 1997. On September 27, 2016, Keremes filed a "petition for review" in the Superior Court which was transmitted to the trial court and relief was denied on October 12, 2017, and post-conviction relief was denied on October 23, 2017.[1]

    At CP-02-CR-14070-1993 he was convicted of burglary, indecent assault, theft by unlawful taking, rape-forcible compulsion and theft by unlawful taking. Again he was sentenced on December 6, 1994, an appeal was filed and on February 26, 1997 the judgment of sentence was affirmed. Keremes filed a "petition for review" in the Superior Court which was transmitted to the trial court and relief was denied on October 12, 2017, and post-conviction relief was denied on October 23, 2017.

    At CP-02-CR-14072-1993 petitioner was convicted of simple assault, terroristic threats, burglary, theft by unlawful taking and indecent assault. Again he was sentenced on December 6,

---

[1] Since the petition submitted here is difficult to comprehend, we have derived all Common Pleas record information from the Pennsylvania Unified Judicial web portal, https://ujsportal.pacourts.us.

1994, an appeal was filed and on February 26, 1997 the judgment of sentence was affirmed. Keremes filed a "petition for review" in the Superior Court which was transmitted to the trial court and relief was denied on October 12, 2017, and post-conviction relief was denied on October 23, 2017.

At CP-02-CR-14074-1993 he was convicted of rape, burglary, indecent deviate sexual assault and unlawful restraint. Again he was sentenced on December 6, 1994, an appeal was filed and on February 26, 1997 the judgment of sentence was affirmed. Keremes filed a "petition for review" in the Superior Court which was transmitted to the trial court and relief was denied on October 12, 2017, and post-conviction relief was denied on October 23, 2017.

Keremes now comes to this court seeking relief and alleges in support thereof that he was subjected to a malicious arrest and abuse of process; that his jury was not sequestered; that judicial misconduct occurred, and that he was denied the effective assistance of counsel all of which are clearly trial matters.[2]

Keremes has also submitted a copy of an Order of the Commonwealth Court of Pennsylvania at No. 263 M.D. 2016 setting forth:

> NOW, May 3, 2016, upon consideration of petitioner's "Tort Action, Motion for Injunctive Declaratory and Summary Relief," [directed against Judge Manning] which was transferred from the Court of Common Pleas of Allegheny County, and it appearing that petitioner seeks money damages from respondent for violation of the judicial canons and alleged violations of petitioner's constitutional rights, and this court lacking jurisdiction over tort actions for money damages whether based on common law trespass or 42 U.S.C. § 1983 because such actions are in the nature of trespass in that they seek money damages as redress for an unlawful injury and are properly commenced in the court of common pleas, this matter is re-transferred to the Court of Common Pleas of Allegheny County."

If petitioner is seeking to challenge the action of the Commonwealth Court in remanding his tort suit to the Court of Common Pleas or the ensuing tort action, this Court does not serve as an appellate court reviewing the actions of the state courts in civil actions, and is without authority to consider any such claim he may have. Walker v. Horn, 385 F.2d 321,329 (3d Cir. 2004) (relying on the Rooker-Feldman doctrine).

---

[2] See: Petition at ¶ 12.

As to his petition challenging his state court sentence imposed on December 6, 1994, it is time barred. It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, petitioner's conviction was affirmed on February 26, 1997. Leave to appeal to the Pennsylvania Supreme Court was not sought, and his conviction became final on March 28, 1997 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012).[3] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The instant petition was executed on October 15, 2018 or over twenty-one years after it could have been submitted. Thus, far in excess of the one-year period in which to seek relief has expired,

---

[3] See: Pa.R.App.P. 1113.

and the petition here is time barred unless some basis for equitable tolling is demonstrated. No such showing is made here.

For this reason, the instant petition is subject to dismissal as time barred, and the petitioner will be directed to demonstrate cause, if any, why it should not be dismissed as untimely.

An appropriate Order will be entered.

ORDER

AND NOW, this 2nd day of November, 2018, for the reason set forth in the foregoing Memorandum, the petitioner is directed to show cause on or before November 19, 2018 why the instant petition should not be dismissed as untimely.

        s/ Robert C. Mitchell
        United States Magistrate Judge